(No. 4712-)

SAMUEL J. WHITAKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 22, 1956.*

GOLDBERG AND BIRNBAUM, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

On February 14, 1956, a complaint was filed in this Court on behalf of claimant, Samuel J. Whitaker, wherein it is alleged that he had a claim, which should have been compensable by the Service Recognition Board of the State of Illinois, and should have been paid by such

Service Recognition Board, but that his claim had been denied.

It is alleged that, between June 30, 1937 and February 6, 1946, claimant was a resident of the State of Illinois. In said complaint there are set forth the places and dates of employment in accordance with the records of the United States Department of Health, Education and Welfare, Social Security Administration.

It is further alleged that claimant served in the United States Army from the 27th day of June, 1942, until and including the 6th day of February, 1946, at which time he was honorably discharged therefrom, and, at the time of his discharge, he was a resident of the State of Illinois. It is contended that claimant is entitled to receive compensation in the amount of $500.00, with interest, from respondent, pursuant to ''An Act terminating the Service Recognition Board''.

Attached to the complaint is an affidavit of claimant, which reads as follows:

"1. That on the 27th day of June, 1942, he was a resident of the State of Illinois, County of Cook, and' that he did on that day enter the active military service of the United States Army.

2. That at the time when deponent was inducted into the Army of the United States, he was requested to furnish the Army Post Office with a mailing address, and that having been separated from his wife, Helen Whitaker, at that time, he requested that mail be forwarded to his mother, who was at that time a resident of Henderson, Kentucky.

3. That for that reason the United States Army listed his residence at the time of his entry into the United States Army as Rt. 2, Henderson, Kentucky, but that your deponent was at that time a bonafide resident of the State of Illinois, County of Cook, and was then and there employed by James Lunch Room, Chicago, Illinois, but that he did not· have at that time any person in the State of Illinois to receive such mail."

On May 1, 1956, respondent filed its motion to strike and dismiss on the grounds that the complaint was substantially insufficient in law to state a cause of action in the following particulars:

"The claim alleged is for compensation as a veteran of World War II pursuant to the provisions of Ill. Rev. Stats., 1955, Chap. 126½, Par. 65, and claimant alleges that he served in the United States Army, and was honorably discharged therefrom, and further, it is not alleged that an amended or supplemental claim was pending before the Service Recognition Board on May 20, 1953, as required by the aforesaid statutory provision, and it appears in fact from exhibit A, attached hereto, that the Board of Review of the Service Recognition Board made final disposition of this claim on July 31, 1951."

An affidavit of Mr. C. Arthur Nebel, Assistant Attorney General of the State of Illinois, is attached to the motion, as is respondent's exhibit A, a letter written by the Chairman of the Board of Review, dated July 31, 1951, advising claimant that his claim had been denied.

Inasmuch as the Service Recognition Board disposed of this claim on the ground that claimant was not a resident of the State of Illinois at the time he entered the service, the motion of respondent to strike and dismiss claimant's complaint is hereby allowed, and the case accordingly dismissed.